_____

No. 95-3445 EM
_____

United States of America,            *
                                     *
          Plaintiff/Appellee,        *
                                     *
v.                                   *    Appeal from the United States
District Court
                                     *    for the Eastern District of
Missouri.
Jesse Ball,                          *
                                     *
          Defendant/Appellant.       *

                          _____

                  Submitted: April 9, 1996*

                    Filed: July 17, 1996
                          _____

Before BEAM and MURPHY, Circuit Judges and BURNS**, District Judge.

BURNS, Senior District Judge.

     Appellant Jesse Ball was convicted in the district court[1] of six counts
charging violations of narcotics laws and attendant firearms crimes.  He
appeals his convictions on three counts.  We affirm in part, reverse in
part, and remand for further proceedings.

**I.  PROCEEDINGS BELOW**

     The grand jury returned a six count indictment charging appellant with
drug trafficking and firearms crimes.  Appellant pleaded not guilty and a
jury convicted him on all six counts in a trial

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District
of Missouri.
     *The panel unanimously finds this case is suitable for decision without oral argument.
Fed.R.App.P.34(a).
     **The Honorable James M. Burns, Senior United States District Judge for the District of
Oregon, sitting by designation.

that ended on June 21, 1995. Only three of these convictions are implicated in this appeal.

Appellant challenges his convictions on Counts 2, 5, and 6. Count 2 charged appellant with using a firearm in relation to a drug trafficking crime on March 25, 1994. Counts 5 and 6 arose from events that occurred on July 9, 1992. Count 5 charged appellant with possession of crack cocaine with intent to distribute and Count 6 charged him with carrying or using a firearm in relation to that crime.

On September 13, 1995, the district court imposed a sentence of imprisonment for 481 months. With respect to the challenged convictions, this sentence included 121 months for Count 5 followed by a consecutive sentence of 10 years on the Count 2 firearm charge followed by another consecutive sentence of 20 years on the Count 6 firearm charge. In addition, appellant was charged a special assessment of $300 which represented $50 for each count of conviction.

After appellant was tried and sentenced in this case, the Supreme Court issued its opinion in Bailey v. United States, ___ U.S. ___, 115 S.Ct. 501 (1995). The government now concedes that the evidence at trial was not sufficient, under the requirements of Bailey, to support the firearms convictions on Counts 2 and 6. Accordingly, those convictions are reversed and the case must be remanded to the district court for resentencing.

The remaining issue in this appeal concerns appellant's conviction on Count 5 for possession of crack cocaine with intent to distribute on July 9, 1992. Mr. Ball appeals the district court's order denying his motions to suppress evidence seized during the warrantless entry into his house on July 9, 1992 and to suppress statements he made to police officers at that time. The district court determined that the warrantless entry into appellant's residence was justified by exigent circumstances and that the seizure of evidence found in plain view was proper.

## II.  STANDARD OF REVIEW

We have traditionally employed the "clearly erroneous" standard to review the district court's denial of a motion to suppress evidence obtained by a warrantless search. U.S. v. Johnson, 28 F.3d 1487, 1494 (8th Cir. 1994), cert. denied, ___U.S.___, 116 S.Ct. 768 (1995); U.S. v. Clement, 854 F.2d 1116, 1118 (8th Cir. 1988).

After submission of this case, the Supreme Court handed down its opinion in Ornelas v. United States,___ U.S.___, 116 S.Ct. 1657 (1996).

2

Ornelas instructs us to review such determinations under a two stage standard. The first part of the analysis involves only a

determination of the historical facts leading up to the warrantless search. The second part of the analysis requires a decision whether these historical facts, when viewed from the standpoint of an objectively reasonable police officer, support the ultimate conclusion reached by the district court, i.e. that probable cause existed or that exigent circumstances were present. Ornelas, 116 S.Ct. at 1661-62. Ornelas instructs that the second part of the analysis, the ultimate conclusions reached by the district court, must be reviewed de novo. 116 S.Ct. at 1663.

Before Ornelas, we treated a district court's determination that exigent circumstances were present as a question of fact, to be reversed only for clear error. U. S. v. Clement , 854 F.2d at 1118; United States v. Knobeloch, 746 F.2d 1366, 1366-67 (8th Cir. 1984), cert. denied, 470 U.S. 1006 (1985); United States v. Wentz, 686 F.2d 653, 657 (8th Cir. 1982). We gave particular deference to the fact finder who had the opportunity to observe the demeanor and credibility of the witnesses. United States v. Chunn, 11 F.3d 107, 109 (8th Cir. 1993); United States v. Wallraff, 705 F.2d 980, 987 (8th Cir. 1983).

Under the two stage standard described in Ornelas, we still "review findings of historical fact only for clear error" and "give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas, 116 S.Ct. at 1663. Only the ultimate conclusion that the historical facts amounted to "exigent circumstances" is subject to de novo review. Id.

**III. BACKGROUND**

On May 4, 1995, Magistrate Judge Medler conducted an evidentiary hearing on appellant's motion to suppress. At the hearing, the Magistrate Judge heard testimony from and observed the demeanor and credibility of Detective Gelhot and Officer King. The Magistrate Judge made findings of historical fact that were adopted by the district court and formed the basis upon which the motion to suppress was denied.

On July 8, 1992, Detective Gelhot of the St. Louis Police Department met with a confidential informant. The informant described drug trafficking activities at a certain address in St. Louis. He gave physical descriptions of the building at that address and of the distributor who lived and carried on his drug business there.

The informant said that the distributor typically sat on the front porch waiting for customers. Customers would meet him on the porch and give

4

money, jewelry, or firearms in

exchange for crack cocaine. The distributor then would enter the house, leaving the customer on the porch. When the distributor returned to the porch, he would give the customer crack cocaine and the customer would leave. The distributor would remain on the porch waiting for other customers. The informant told Gelhot that the distributor kept a weapon on or near his person or close by inside the residence.

Later that day, Gelhot drove by the address given by the informant and observed a house fitting the description given by the informant. On July 9, 1992, Gelhot returned to the residence wearing plain clothes in an unmarked car with his partners, Detectives Murphy and Strehl. He observed a male matching the description given by the informant seated on the porch. Another male was standing on the porch and appeared to be displaying a chrome plated long barreled revolver to the person who was seated.

When the officers exited their vehicle, the person who was standing on the porch holding the hand gun fled into the residence. Strehl went to the porch where he remained with the seated individual. Gelhot and Murphy pursued the other individual into the residence where they observed crack cocaine, narcotics paraphernalia and firearms in plain view. Gelhot and Murphy did not find the fleeing individual with the chrome plated firearm. The seated individual on the porch was later identified as appellant.

Appellant was arrested and the items of evidence observed in plain view were seized. Appellant gave inculpatory statements to the officers. These findings of historical fact are amply supported in the record and we find no clear error.

## IV. DISCUSSION

Police officers may not enter or search a home without a warrant unless justified by exigent circumstances. See Payton v. New York, 445 U.S. 573, 589 (1980) (warrantless entry to make a felony arrest requires exigent circumstances). The exigent circumstances exception to the warrant requirement is narrowly drawn. U.S. v. Clement, 854 F.2d at 1119. The exception justifies immediate police action without obtaining a warrant if lives are threatened, a suspect's escape is imminent, or evidence is about to be destroyed. Michigan v. Tyler, 436 U.S. 499, 509 (1978); Warden v. Hayden, 387 U.S. 294, 298-99 (1967); Ker v. California, 374 U.S. 23, 42 (1963), U.S. v. Clement, 854 F.2d at 1119.

The district court agreed with the conclusion of the Magistrate Judge that exigent circumstances were present because the officers reasonably inferred that the suspect who fled into the house might escape or destroy evidence in the house. Under Ornelas, we review the district court's conclusion de novo.

It is abundantly clear that an objectively reasonable police officer, knowing the information known by Gelhot and observing the two men on the porch of appellant's residence, would conclude that the two men were conducting an illegal narcotics transaction. At that point, both men would reasonably be considered criminal suspects. An objectively reasonable police officer would infer that the suspect who ran into the house was attempting to escape. In fact, we now know that the inference was not only reasonable, but also correct, as the suspect did escape.

It would be reasonable for such an officer to conclude that the escaping suspect might try to destroy or remove evidence in the house. It would also be reasonable for such an officer to believe that the presence of an armed suspect inside the house presented a threat to the lives of the officers outside. For all these reasons, the actions of the fleeing suspect required immediate police action without delaying to obtain a warrant.

Appellant's arguments have no merit and require little discussion. First, he contends that the police were not justified in believing that evidence might be destroyed. He argues that the fleeing suspect's only motivation was to escape and that he would not have jeopardized his retreat by stopping to destroy evidence. This position relies too heavily on hindsight. We must view the facts from the standpoint of the officers at the scene. From that standpoint, it was reasonable to believe that the fleeing suspect, if not pursued by the officers, might stop to destroy or remove evidence.

Next, he contends that the officers were not entitled to follow the escaping suspect because he was not a "known felon". However, Gelhot observed these men engaging in what he reasonably and correctly believed to be a crack cocaine transaction. In Clement, we said cocaine trafficking was so serious an offense that it should be weighed heavily "as an important factor to be considered in the exigent circumstances calculus." 854 F.2d at 1120, quoting Welsh v. Wisconsin, 466 U.S. 740, 751 (1984). Accordingly, the officers were not required to identify the fleeing suspect as a "known felon" before pursuing him from the scene of this serious crime.

7

Finally, appellant contends that the police created the exigent circumstances by approaching

the porch and that they could have avoided the warrantless entry by stationing an officer at the back door of the house.  Again this argument relies primarily on hindsight.   We view the circumstances from the standpoint of these officers who were in the early stages of their investigation and had only begun their surveillance of the residence.  It is entirely unreasonable from that standpoint to expect them to anticipate the events that ensued.

We find no clear error in the findings of fact made by the Magistrate Judge and adopted by the district court.  Under those facts, the district court's decision to deny appellant's motion to suppress was proper.

**V. CONCLUSION**

Based on the foregoing, the district court's order denying appellant's motion to suppress  and its judgment of conviction on Count 5 are AFFIRMED. The judgments of conviction on Counts 2 and 6 are REVERSED and the case is REMANDED to the district court for resentencing and recalculation of the special assessment.


A true copy,


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT