**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3631

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| David J. Schwarting, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 6, 1997
Filed: July 16, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

David J. Schwarting was charged with burglary in Indian Country, in violation of 18 U.S.C. §§ 1151 and 1153, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ U.S.C. 922(g)(1) and 924(a)(2). The charges were brought after tribal officers searched the residence Schwarting leased from his father, and discovered rifles that had been stolen during a residential burglary the previous evening. Schwarting later confessed to the burglary.

Schwarting subsequently filed a motion to suppress, arguing that the warrantless search of his leased residence violated his Fourth Amendment rights, and that his

subsequent confession was the fruit of the illegal search. He also moved to dismiss the indictment on the ground that the tribal officers who conducted the search were without jurisdiction over the property, because it was fee patent and non-Indian owned, being deeded to and personally owned by his father. Following a hearing before a magistrate judge,[1] the district court[2] denied both motions. Schwarting entered a conditional guilty plea, and was sentenced to 100 months imprisonment and three years supervised release, and ordered to pay $350 in restitution. Schwarting appeals the district court's denial of both motions.

We conclude the district court was correct in denying Schwarting's motion to dismiss. Tribal officers had jurisdiction over the property searched, even though it was fee patent and non-Indian owned, because it was within the Pine Ridge Indian Reservation's outer boundaries. See 18 U.S.C. § 1151(a); Seymour v. Superintendent of Wash. State Penitentiary, 368 U.S. 351, 357-58 (1962). We also conclude the warrantless search of the residence was constitutional because the uncontradicted evidence at the suppression hearing was that the investigating officer had obtained consent to search from both Schwarting and his father. See United States v. Ball, 90 F.3d 260, 262 (8th Cir. 1996) (motion-to-suppress standard of review); Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); United States v. Wright, 971 F.2d 176, 180 (8th Cir. 1992). Consequently, we conclude that the seizure of the weapons from the residence was constitutional, see Wright, 971 F.2d at 180 ("authority to consent to a search of a general area obviously extends to objects in plain view within the area"), and that there is no basis for Schwarting's argument that his confession was illegally tainted.

---

[1]The Honorable Marshall P. Young, United States Magistrate Judge for the District of South Dakota.

[2]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

We do not consider the affidavit Schwarting appended to his appellate brief. <u>See</u> <u>Terry v. Young</u>, 932 F.2d 1273, 1273 (8th Cir. 1991) (per curiam) (appellate court need not consider evidence raised for first time on appeal).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.