117 F.3d 1423
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
David J. SCHWARTING, Appellant.
 No. 96-3631.
 United States Court of Appeals, Eighth Circuit.
 Submitted: June 6, 1997
Filed: July 16, 1997
 
 Appeal from the United States District Court for the District of South Dakota.
 Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 David J. Schwarting was charged with burglary in Indian Country, in violation of 18 U.S.C. §§ 1151 and 1153, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ U.S.C. 922(g)(1) and 924(a)(2). The charges were brought after tribal officers searched the residence Schwarting leased from his father, and discovered rifles that had been stolen during a residential burglary the previous evening. Schwarting later confessed to the burglary.
 
 
 2
 Schwarting subsequently filed a motion to suppress, arguing that the warrantless search of his leased residence violated his Fourth Amendment rights, and that his subsequent confession was the fruit of the illegal search. He also moved to dismiss the indictment on the ground that the tribal officers who conducted the search were without jurisdiction over the property, because it was fee patent and non-Indian owned, being deeded to and personally owned by his father. Following a hearing before a magistrate judge,[1] the district court[2] denied both motions. Schwarting entered a conditional guilty plea, and was sentenced to 100 months imprisonment and three years supervised release, and ordered to pay $350 in restitution. Schwarting appeals the district court's denial of both motions.
 
 
 3
 We conclude the district court was correct in denying Schwarting's motion to dismiss. Tribal officers had jurisdiction over the property searched, even though it was fee patent and non-Indian owned, because it was within the Pine Ridge Indian Reservation's outer boundaries. See 18 U.S.C. § 1151(a); Seymour v. Superintendent of Wash. State Penitentiary, 368 U.S. 351, 357-58 (1962). We also conclude the warrantless search of the residence was constitutional because the uncontradicted evidence at the suppression hearing was that the investigating officer had obtained consent to search from both Schwarting and his father. See United States v. Ball, 90 F.3d 260, 262 (8th Cir.1996) (motion-to-suppress standard of review); Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); United States v. Wright, 971 F.2d 176, 180 (8th Cir.1992). Consequently, we conclude that the seizure of the weapons from the residence was constitutional, see Wright, 971 F.2d at 180 ("authority to consent to a search of a general area obviously extends to objects in plain view within the area"), and that there is no basis for Schwarting's argument that his confession was illegally tainted.
 
 
 4
 We do not consider the affidavit Schwarting appended to his appellate brief. See Terry v. Young, 932 F.2d 1273, 1273 (8th Cir.1991) (per curiam) (appellate court need not consider evidence raised for first time on appeal).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Marshall P. Young, United States Magistrate Judge for the District of South Dakota
 
 
 [2]
 The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota