United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-4013
_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *   Appeal from the United States
      v.                                     *   District Court for the
                                             *   Eastern District of Missouri.
Jesse Ball, also known as Junior,            *
                                             *        [UNPUBLISHED]
            Appellant.                       *

_____

Submitted:  September 23, 1997
Filed:  September 29, 1997
_____

Before McMILLIAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.


       Jesse Ball appeals his 170-month sentence imposed by the district court,[1] following a remand for resentencing in United States v. Ball, 90 F.3d 260 (8th Cir. 1996).  His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted leave to withdraw.  Ball has filed a supplemental pro se brief.  We affirm.

_____

      [1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

A jury convicted Ball of six drug trafficking and firearms offenses. In his first appeal, he challenged the district court's denial of his motion to suppress and two firearms convictions. We reversed the firearms convictions under <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), affirmed the remaining convictions, and remanded for resentencing. <u>See</u> <u>Ball</u>, 90 F.3d at 261.

On resentencing, the district court then sentenced Ball to 170 months imprisonment and 4 years of supervised release, imposing a 2-level enhancement for possession of a firearm, <u>see</u> U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995), and a 2-level enhancement for obstruction of justice, <u>see</u> U.S. Sentencing Guidelines Manual § 3C1.1 (1995). On appeal, Ball argues the district court's assessment of both enhancements was clearly erroneous.

Section 2D1.1(b)(1) "reflects the increased danger of violence when drug traffickers possess weapons," and the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1995). The government has the burden of proving by a preponderance of the evidence both that the weapon was present and that it is probable the weapon was connected with the drug charge. <u>See</u> <u>United States v. Richmond</u>, 37 F.3d 418, 419-20 (8th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1178 (1995). According to trial evidence, in the residence Ball occupied, detectives found on one occasion guns in the living room and in the kitchen next to crack cocaine and drug paraphernalia, and on another occasion, crack cocaine in the front room and guns in a closet and on the pool table. Based on this evidence, the district court did not clearly err in assessing the enhancement. <u>See</u> <u>id.</u> (standard of review; affirming enhancement where firearms and drugs were found in defendant's apartment).

Upon our careful review of the record, we also conclude that the district court did not err by imposing the two-level enhancement for obstruction of justice because

the district court's finding that Ball committed perjury during his trial testimony was not clearly erroneous. See United States v. Patino-Rojas, 974 F.2d 94, 96 (8th Cir. 1992) (per curiam) (standard of review), cert. denied, 507 U.S. 974 (1993). The obstruction-of-justice enhancement may be imposed when "'there is a strong finding of perjury based on the trial judge's independent evaluation of the defendant's testimony' at trial." Id. (citations omitted). Here, the district court made an independent finding that Ball committed perjury when Ball specifically denied a great portion of the police detectives' testimony. See United States v. Turk, 21 F.3d 309, 313 (8th Cir. 1994) (affirming U.S. Guidelines Manual § 3C1.1 enhancement based on perjury where court examined defendant's testimony and concluded she committed perjury by denying involvement in offense).

We need not consider the additional arguments Ball raised in his supplemental pro se brief because he could have raised them in his first direct criminal appeal. See United States v. Kress, 58 F.3d 370, 373-74 (8th Cir. 1995). Finally, Ball's claims of ineffective assistance of counsel are more appropriately resolved in 28 U.S.C. § 2255 proceedings. See United States v. Logan, 49 F.3d 352, 361 (8th Cir. 1995).

Having carefully reviewed the record, we find no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-