Argued and submitted January 6, reversed and remanded May 27, 1998

# STATE OF OREGON,
*Appellant,*

*v.*

# ANGELA MARIE JANGALA,
*Respondent.*

## (V16-2046; CA A97030)

961 P2d 246

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance by respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The state appeals from an order granting defendant's motion to suppress evidence seized during a warrantless search at a beer party. The state argues that the warrantless search was supported by probable cause and exigent circumstances. We agree and reverse.

■ Although we are bound by the trial court's finding of historical facts when they are supported by the record, we review independently the court's legal conclusions that are based on those facts. *See State v. Stevens,* 311 Or 119, 126, 806 P2d 92 (1991). In its memorandum opinion, the court set forth the following facts. On September 27, 1996, deputies Dudek and McMaster of the Deschutes County Sheriff's Office were called to a house where a loud party involving minors and alcohol was under way. When the officers arrived at the house, they noticed several people leaving. They also saw people running from the front yard to the back of the house. Several people were holding red plastic cups that Dudek recognized as the type commonly used to serve beer from a keg. One person who was leaving the premises yelled "Fuck the cops." As Dudek approached the house, the front door was open. He saw about half a dozen people inside, some of whom appeared to be minors. Some of them were holding red plastic beer cups. Dudek then saw someone at the front door pulling people from outside the house into it. That person then attempted to pull the door shut, but Dudek put his foot in the door to prevent it. The person inside the house leaned against the door in an attempt to force it closed, but Dudek pushed against the door and opened it. Once inside, the deputies interviewed the people present and cited a number of minors, including defendant, for possession of alcohol and cited at least one adult for furnishing alcohol to minors.

■ Based on its findings, the trial court concluded that, although Dudek had probable cause to believe that the crime of furnishing alcohol to a minor was taking place inside the house, there were no exigent circumstances to support the warrantless search. The court based its conclusion on the fact that the deputies had not seen any people trying to escape from the house. The court further reasoned that the fact that

at least one partygoer had yelled "Fuck the cops" did not mean that the people inside the house had been alerted to the police presence so that they might destroy evidence. The court refused to consider Dudek's testimony that, in his experience, if police are unable to enter or secure a residence where a beer-keg party is being held, the keg and the individuals involved tend to disappear. Rather, the court relied on *State v. Court*, 81 Or App 598, 726 P2d 1205 (1986), for the proposition that the existence of exigent circumstances depended on Dudek observing conduct by people at the house that would support a conclusion that evidence was being destroyed or that suspects might escape.

*Court* involved a warrantless entry into the home of a third party to serve an arrest warrant on a person staying in the home. We found that there was no evidence to support a belief that the suspect might have escaped in the time that it took to obtain a warrant and held that the mere possibility that a person could escape if that person were so inclined did not give rise to exigent circumstances supporting a warrantless entry. 81 Or App at 603. That case is inapposite here. The deputies were not concerned merely that the people in the house might escape. They also were concerned that evidence of the crime of furnishing alcohol to minors might be destroyed while they sought a search warrant.

■■ Exigent circumstances sufficient to support a warrantless entry exist when there is probable cause to believe that a crime is being committed and that immediate action is required to forestall a suspect's escape or the destruction of evidence. *State v. Heikkinen*, 94 Or App 472, 475, 765 P2d 1252 (1988). In the deputies' experience, evidence of the crime of furnishing alcohol to minors is easily destroyed. The trial court discounted that experience, reasoning that *Court* required specific, contemporaneous observations supporting the conclusion that evidence was being destroyed. We disagree. An officer's experience in similar situations provides the context in which the circumstances of a specific case are interpreted. *See, e.g., State v. Ritter*, 71 Or App 282, 287, 692 P2d 158 (1984) (officers heard sound of toilet flushing and knew from experience that drugs were often disposed of by that technique). We conclude that in this case, where the deputies were aware that the evidence that they needed to seize

was easily destroyed, combined with the fact that partygoers were aware of the police presence and had either run from the scene or otherwise attempted to avoid detection, there were exigent circumstances supporting the warrantless entry.

Reversed and remanded.