# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-2712

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Judith Lopez-Ayala, also known as | * | [UNPUBLISHED] |
| Merechilda Prado-Perales, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted:  December 16, 1999

Filed:  December 29, 1999

———————

Before McMILLIAN and FAGG, Circuit Judges, and BOGUE,* District Judge.

———————

PER CURIAM.

After deplaning passenger Judith Lopez-Ayala consented to a search at the Omaha airport, police found cocaine and heroin taped to her body.  Lopez-Ayala later pleaded guilty to possession with intent to distribute the drugs, reserving the right to appeal the district court's denial of her motion to suppress them.  On appeal, Lopez-Ayala first contends her consent to the search of her person was not voluntary because

———————

*The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

she kept her arms close at her sides. Having carefully reviewed the record, we conclude the district court did not commit clear error in finding Lopez-Ayala's consent was voluntary. See United States v. Sanchez, 156 F.3d 875, 878 (8th Cir. 1998). Considering the totality of the circumstances, police could reasonably believe the search was consensual. See id. Lopez-Ayala's consent to the pat-down search distinguishes this case from United States v. Eustaquio, No. 99-1722, 1999 WL 1133751 (8th Cir. Dec. 13, 1999), and United States v. Tovar-Valdivia, 193 F.3d 1025 (8th Cir. 1999), where it was undisputed that the defendants did not consent to any touching by the officers. Lopez-Ayala also asserts the airport stop ripened into a seizure requiring a reasonable suspicion of criminal activity when the officer told her he was investigating drug flow at the airport and inquired whether she was carrying any drugs. Lopez-Ayala relies on United States v. Millan, 912 F.2d 1014 (8th Cir. 1990), and United States v. Nunley, 873 F.2d 182 (8th Cir. 1989). Contrary to Lopez-Ayala's suggestion, these cases do not establish that a seizure occurs whenever an officer identifies himself as a drug enforcement agent and makes the suspect aware she is the focus of a drug investigation. See United States v. McKines, 933 F.2d 1412, 1417-18 (8th Cir. 1991) (en banc); United States v. Dixon, 51 F.3d 1376, 1380 (8th Cir. 1995). These factors without more do not convert a consensual encounter into a seizure. See Dixon, 51 F.3d at 1380. We have reviewed the relevant circumstances and conclude the district court properly found the encounter was consensual and no seizure occurred. Last, asserting a limited knowledge of the English language, Lopez-Ayala contends she did not voluntarily waive her Miranda rights and submit to interrogation. Considering both the conduct of law enforcement officials and Lopez-Ayala's ability to resist any pressure, we conclude Lopez-Ayala's capacity for self-determination was not critically impaired. See United States v. Larry, 126 F.3d 1077, 1079 (8th Cir. 1997). At the time of her waiver, Lopez-Ayala was twenty-nine years old, had been in the United States for eight years, had earlier contacts with law enforcement, and had responded to the officer's earlier questioning about the purpose of her trip, her plane ticket, and other matters. See Sanchez, 156 F.3d at 878. The district court could properly conclude Lopez-Ayala understood English well enough to knowingly and voluntarily

waive her <u>Miranda</u> rights.  We thus affirm the district court's denial of Lopez-Ayala's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.