# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2707

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Gwendolyn Holmes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 16, 1999

Filed: December 29, 1999

_____

Before McMILLIAN and FAGG, Circuit Judges, and BOGUE,* District Judge.

_____

PER CURIAM.

After Gwendolyn Holmes deplaned at the Omaha airport, an officer trained to detect drug couriers noticed Holmes's carry on bag appeared to be empty and she retrieved no luggage at the baggage carousel. His suspicions aroused, the officer decided to talk with Holmes. When the officer approached Holmes at the airport taxi stand, she agreed to speak with the officer and also agreed to a pat down search. During the pat down, the officer found cocaine taped to Holmes's back. Holmes was

_____

*The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Holmes filed a motion to suppress the cocaine, and the district court denied the motion, finding Holmes's encounter with the police officer was consensual and Holmes's consent to the encounter was voluntary. Holmes then pleaded guilty, reserving her right to appeal the denial of her suppression motion.

On appeal, Holmes asserts that once the police officer identified himself as a drug agent and asked her whether she was carrying any drugs, her encounter with him became a seizure, and the seizure was unlawful because the officer lacked a reasonable suspicion of criminal activity. Holmes relies on United States v. Millan, 912 F.2d 1014 (8th Cir. 1990), and United States v. Nunley, 873 F.2d 182 (8th Cir. 1989). In United States v. McKines, 933 F.2d 1412, 1417-18 (8th Cir. 1991), our en banc court explained Millan and Nunley do not establish a bright line test that a seizure occurs whenever an officer identifies himself as a drug enforcement agent and makes the suspect aware she is the focus of a drug investigation. Instead, we held these factors do not, without more, convert a consensual encounter into a seizure. See id. at 1418; United States v. Dixon, 51 F.3d 1376, 1380 (8th Cir. 1995). Here, the encounter was in a public place, the officer did not touch Holmes or speak in a threatening tone of voice, and Holmes testified she consented to the search, although she said she felt compelled to do so given the presence of two other officers. Holmes does not challenge the voluntariness of her consent on appeal, however. Absent any coercive police tactics in this case, we conclude the district court properly found the encounter was consensual and no seizure occurred. See Dixon, 51 F.3d at 1380. Thus, the officer needed no reasonable suspicion of criminal activity. Holmes's consent to the pat-down search distinguishes this case from United States v. Eustaquio, No. 99-1772, 1999 WL 1133751 (8th Cir. Dec. 13, 1999), and United States v. Tovar-Valdivia, 193 F.3d 1025 (8th Cir. 1999), where it was undisputed that the defendants did not consent to any touching by the officers. Accordingly, we affirm the district court's denial of Holmes's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.