# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3493NI

_____

| | | |
|---|---|---|
| Steven Radloff, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Northern District |
| | * | of Iowa. |
| City of Oelwein, Iowa; Jesse Paul; | * | |
| John Reege; and Curt Wilkinson, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 12, 2004

Filed: August 17, 2004

_____

Before LOKEN, Chief Judge, RICHARD S. ARNOLD and FAGG, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Steven Radloff appeals the District Court's[1] grant of summary judgment on qualified-immunity grounds in favor of Officers Jessie Paul, John Reege, and Curt Wilkinson on his unreasonable-entry-and-search claim. Mr. Radloff also alleges that

_____

[1]The Hon. John A. Jarvey, Chief United States Magistrate Judge for the Northern District of Iowa.

the District Court abused its discretion when it denied his motion for a new trial. We find no error and affirm.

I.

Late in the evening on May 12, 2000, Officers Paul and Reege arrived at the home of Mr. Radloff after an unidentified caller told the Oelwein Police Department that juveniles were consuming alcohol at that address. When the two officers arrived at the Radloff home, they heard loud noises coming from the home and observed about a dozen people standing on its back deck, which was visible from the street. Officer Paul then radioed Officer Wilkinson for assistance, directed Officer Reege to go to the front of the home, and approached the home's rear door by way of the back deck. As Officer Paul crossed the deck, he observed through a window a minor he recognized drinking a beer inside the home.

Mark Radloff, the twenty-year-old son of Mr. Radloff, met Officer Paul at the back door. After Officer Paul informed Mark that he had received a report of underage drinking in the home, Mark told him that he could not enter the home without a warrant. Officer Paul then told Mark that he did not need a warrant, and he entered the home.

At this point, another Radloff son, Mike, informed Mr. Radloff, who was in his bedroom, that the police had entered their home. Shortly thereafter, Officer Paul opened Mr. Radloff's bedroom door as part of his search, saw Mr. and Mrs. Radloff in the room, and then closed the door and proceeded to search other rooms. Thereafter, Mr. Radloff left his bedroom and began asking Officer Paul about his presence in the home and yelling obscenities at him. Officer Paul did not respond to the questions or obscenities and continued his search.

Officer Reege eventually entered the home to assist Officer Paul in conducting the search, and both limited their search to spaces large enough to conceal a person. In the meantime, Officer Wilkinson arrived at the home and gathered together juveniles who were attempting to leave.

After Officer Paul found two juveniles hiding in the home's basement, he informed Mr. Radloff that the police would contact him if any charges were filed against him. Again, Mr. Radloff yelled obscenities at Officer Paul and stated that the police needed a warrant to enter his home. Officer Paul then came out of the home and met with Officers Reege and Wilkinson in the front yard.

After speaking with Officer Wilkinson, Officer Paul learned that a juvenile had reentered the home during the search. Officers Paul and Wilkinson then returned to the front door and asked for the juvenile to leave the home. Mr. Radloff confronted the officers at the front door, repeated that they could not enter without a warrant, and stated that the juvenile was not inside the home. Again, the officers told Mr. Radloff that they did not need a warrant, reentered the home, and subsequently located the juvenile.

Throughout this second entry into the home, Mr. Radloff continued to yell obscenities at the officers. Before leaving the home, Officer Paul placed Mr. Radloff under arrest for interference, resisting arrest, and supplying alcohol to minors. After a brief struggle, Officer Paul handcuffed Mr. Radloff and carried him to a patrol car.

All charges against Mr. Radloff were eventually dropped except the charge of supplying alcohol to minors, to which he pleaded guilty. In May 2002, Mr. Radloff filed a 42 U.S.C. § 1983 action against Officers Paul, Reege, and Wilkinson, and the City of Oelwein, Iowa, alleging that the officers violated his Fourth Amendment rights by unreasonably entering and searching his home without a warrant and by using excessive force to arrest him. Mr. Radloff also raised an Iowa state law assault-

and-battery claim against the officers. Before trial, the District Court granted summary judgment in favor of the officers on the unreasonable-entry-and-search claim on qualified-immunity grounds. The District Court also granted summary judgment in favor of the City on all claims against it on the grounds that Mr. Radloff failed to raise a genuine issue of material fact as to whether the City had a policy or custom of tolerating inappropriate police conduct. Prior to trial, Mr. Radloff dropped his claims against Officer Reege. Because both the assault-and-battery claim and excessive-force claim involved the same question of fact, only the question of whether Officers Paul and Wilkinson used excessive force was submitted to the jury. Appendix at 426. On this issue, the jury returned a verdict in favor of the officers.

## II.

On appeal, Mr. Radloff raises two issues. First, he alleges that the District Court erred in granting summary judgment in favor of the three officers and the City on his unreasonable-entry-and-search claim because no exigency existed. Second, he alleges that the District Court abused its discretion when it denied his motion for a new trial. We find no error in either decision of the District Court and affirm.

We review the grant of summary judgment on the unreasonable-entry-and-search claim de novo. Young v. Harrison, 284 F.3d 863, 866 (8th Cir. 2002). Summary judgment is proper when, viewing the facts most favorably to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). With respect to the District Court's determination that qualified immunity shielded the officers from liability, we review de novo whether the officers had an objectively reasonable belief that their conduct did not violate Mr. Radloff's clearly established statutory or constitutional rights. Winters v. Adams, 254 F.3d 758, 766 (8th Cir. 2001).

-4-

"[T]o withstand a motion for summary judgment on qualified-immunity grounds, a plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the government official knew or should have known that his alleged conduct violated this clearly established right." Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996). Mr. Radloff alleges that the officers violated his Fourth Amendment right not to be subjected to a warrantless entry and search of his home, that this is a clearly established right, and that a reasonable officer would have known that the officers' conduct violated this right.

Could reasonable officers have believed that this entry in the Radloff home was supported by exigent circumstances? We think the answer is yes. An exception to the warrant requirement permits a law enforcement officer to enter and search a home if he acts with probable cause and exigent circumstances exist. Anderson v. Creighton, 483 U.S. 635, 641 (1987). Probable cause exists when it is reasonable to believe contraband or illegal activity will be found in a particular place. Kleinholz v. United States, 339 F.3d 674, 676 (8th Cir. 2003). Exigent circumstances, although typically limited to situations where a life is threatened, a suspect's escape is imminent, or evidence is about to be destroyed, United States v. Ball, 90 F.3d 260, 263 (8th Cir. 1996), may also be found when there is a compelling need for official action and there is no time to secure a warrant. Michigan v. Tyler, 436 U.S. 499, 509 (1978). A determination of whether a legal warrantless entry occurred focuses on whether a law enforcement officer acted with a reasonable belief that probable cause and exigent circumstances existed, not on whether either actually existed. Anderson, 483 U.S. at 641.

The warrantless entry into the Radloff home comports with the exception to the warrant requirement, and it was therefore legal. Probable cause existed because it was reasonable for the officers to believe illegal activity was taking place after Officer Paul observed a minor he recognized drinking a beer inside the home. See State v.

Jangala, 961 P.2d 246 (Or. App. 1998) (holding that a law enforcement officer had probable cause to believe the crime of furnishing alcohol to a minor was taking place after the officer observed a group of people who appeared to be minors drinking beer inside a home). Exigent circumstances existed both because of the loud noise created by the party and because of the threat to public safety if the juveniles left the house in cars while under the influence of alcohol. Michigan, 436 U.S. at 509. It would have been unreasonable to subject the neighbors to the loud noise or to require the officers to quarantine the juveniles' cars during the period of time it would have taken to obtain a warrant. Thus, summary judgment on qualified-immunity grounds was proper because we think the officers acted on a reasonable belief that probable cause and exigent circumstances existed.

As to the grant of summary judgment for the City, to impose municipal liability under 42 U.S.C. § 1983, Mr. Radloff bore the burden of presenting evidence that warrantless entries and searches were either an official policy or a widespread custom or practice of the City. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998). Mr. Radloff did not present sufficient evidence to raise a material issue of fact as to whether the officers acted in accordance with an official policy or widespread custom or practice of the City. Therefore, summary judgment for the City on this issue was proper.

III.

We review the denial of a motion for a new trial for clear abuse of discretion. Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 495 (8th Cir. 2002). Mr. Radloff raises two arguments to support his claim that he is entitled to a new trial.

First, Mr. Radloff alleges that he was prejudiced by the admission of a police-activity log that contained an entry recounting his arrest the night of the search. The police-activity log states that Mr. Radloff was arrested for interference, resisting

arrest, and supplying alcohol to minors. Mr. Radloff argues that admitting this document effectively negated his claim that the officers were not entitled to use force to arrest him. A motion for a new trial based on the erroneous admission of evidence should not be granted unless the evidentiary ruling was so prejudicial that a new trial would likely produce a different outcome. Bevan v. Honeywell, Inc., 118 F.3d 603, 612 (8th Cir. 1997). We find no error in the District Court's decision to admit this police-activity log as a record kept in the ordinary course of the Police Department's business. Appendix at 327. Thus, we do not reach Mr. Radloff's argument that its admission improperly prejudiced him. The denial of Mr. Radloff's motion for a new trial on this issue is affirmed.

Mr. Radloff's second argument for a new trial is based on alleged prejudice he suffered because of the District Court's refusal to allow the jury to be instructed that the officers illegally entered and searched his home. He states that the alleged illegality of the entry and search is a factor the jury should have considered in assessing the reasonableness of the force used to arrest him. A district court's decision not to include a jury instruction will be sustained if the instruction is not supported by evidence. Hoselton v. Metz Baking Co., 48 F.3d 1056, 1063 (8th Cir. 1995). As we discussed earlier in this opinion, the officers reasonably believed that their entry and search was legal. In any event, excessive force would be actionable whether or not the entry and search were legal, so we do not see the relevance of an instruction on such a subject.

The officers claim it was error for the District Court not to grant their motion for judgment as a matter of law on the excessive-force claim. The jury returned a verdict in favor of the officers on this claim, so this issue is moot.

For these reasons, the District Court's judgment is affirmed.

_____