# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1868

_____

Francis Dewes,                                        *
                                                     *
              Appellant,                              *
                                                     *    Appeal from the United States
       v.                                            *    District Court for the Southern
                                                     *    District of Iowa.
City of Bloomfield, as a municipal                   *
corporation; Tom Jones, individually                 *         [UNPUBLISHED]
and in his official capacity as a                    *
Bloomfield Police Officer,                           *
                                                     *
              Appellees.                              *

_____

Submitted:  November 17, 2004
     Filed:  November 23, 2004

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Late one evening, concerned citizens telephoned police in Bloomfield, Iowa and reported that two minors were smoking and drinking outside their home. Police went to the home and saw the two young men, who attempted to hide behind a tree. One of the uniformed officers got out of his squad car and approached the youths. They fled. The officer shouted, "Stop, police," but the young men continued to run. The officer chased them on foot. One of the youths ran through a nearby carport and entered the adjacent residence through an exterior screen door and inner wooden

door. Based on the officer's concern for the safety of the home's residents, the officer followed the young man inside about ten to fifteen seconds after his entry. The officer did not knock or otherwise announce his presence before entering the home, and did not possess a warrant permitting his entry. Once inside, the officer saw the young man in the living room talking with the home's occupants. Unaware that the suspect happened to be the occupants' grandson, the officer drew his firearm, pointed it at the youth, and placed the youth in custody. The other fleeing youth later entered the room and was also taken into custody. Both young men were taken to the police station where they were ultimately charged with possession of alcohol by a person under the legal age, and with interference with official acts.

Later, the home's owner and the grandfather of the young men, Frances Dewes, filed this civil rights action against the officer and the City of Bloomfield. Dewes asserted that the officer violated his Fourth Amendment rights by using excessive and unreasonable force against him. Dewes also claimed the City had established, maintained, and enforced official municipal policies or practices of using unreasonable or excessive force, and had failed to train and supervise its officers properly. The City moved for summary judgment on Dewes's § 1983 claim. After dismissing the complaint against the officer for failure to serve notice, the district court[*] granted summary judgment to the City. The court noted the undisputed facts showed the officer did not use any force, much less excessive force, toward Dewes while placing his grandson in custody. The district court declined to exercise supplemental jurisdiction over Dewes's state law claims.

On appeal, Dewes first contends the district court committed error in its excessive force analysis and in finding the officer never used deadly force against Dewes. To survive the City's summary judgment motion on his excessive force

---

[*]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

claim, Dewes had to present enough proof to permit a reasonable jury to find the degree of force the officer used against Dewes was objectively unreasonable.  See Kuha v. City of Minnetonka, 365 F.3d 590, 597 (8th Cir. 2004).   Dewes failed to make this showing.  In his deposition testimony, Dewes admitted the officer did not direct any force toward him.  Indeed, in his complaint, Dewes alleged the officer proceeded into his living room "with a gun drawn and pointed at [the suspect]."

Dewes also asserts the district court misapplied municipal liability law. Because the officer did not commit a constitutional tort against Dewes, the City cannot be held liable under § 1983.  Kuha, 365 F.3d 590, 603 (8th Cir. 2003).  Even if a constitutional violation occurred, Dewes did not present enough evidence to raise a material issue of fact about whether the officer acted under an official policy or widespread custom or practice of the City.  Radloff v. City of Oelwein, 380 F.3d 344, 348 (8th Cir. 2004).

We thus affirm the district court's grant of summary judgment to the City.
_____