# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1530

_____

Abdulahi Issa; Hniya Kouttay,       *
                                        *

             Appellants,     *

                                        *

       v.                *   Appeal from the United States

                                        *   District Court for the District

City of Glencoe, and its Employees/  *   of Minnesota.

Agents; Police Chief Wesley Olson;  *

Officer Tim Trocke, Personally and   *       [UNPUBLISHED]

in Their Capacities as Employees/   *

Agents of the City of Glencoe; DMW  *

Properties; Kestrel Park Townhouses,  *

                                          *

             Appellees.      *

_____

Submitted: November 15, 2004
Filed: November 29, 2004

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Abdulahi Issa wrote a bad check for a used squad car at an Iowa Department of Transportation (DOT) auction. The check listed Issa's address in Glencoe, Minnesota. An Iowa DOT representative contacted the Glencoe police department regarding the check and spoke with Officer Tim Trocke, who stated he would try to make contact with Issa and give him a chance to pay for the car. On December 12,

2001, Officer Trocke went to Issa's rented townhouse, but no one was there. He looked in the window, and it appeared to be vacant. The next day, Trocke contacted Brenda Plath, formerly Brenda Peterson, the property manager for Kestrel Park Townhouses, which are owned by DMW Properties. Plath stated Issa and his wife, Hniya Kouttay, had moved out. Plath gave the police consent to enter the townhome. When Officer Trocke went inside, the furniture was gone, except for a crib and an oven. Officer Trocke entered the bedroom and saw a computer printer and mail scattered over half of the bedroom floor. In an opened yellow envelope, there were about forty credit cards issued with different variations of the name "Abdulahi Yusuf Issa." In the kitchen, Officer Trocke found documents showing money transfers in the thousands of dollars and a list of twenty to twenty-five squad cars Issa had purchased. The list particularly interested Officer Trocke, because in the wake of the recent September 11, 2001 attacks at the World Trade Center, police departments including Glencoe's had received a teletype from the Department of Homeland Security regarding the possible threat of attacks by terrorists using police squad cars. Based on officer Trocke's observations, he called Police Chief Wesley Olson to the scene. The Federal Bureau of Investigation (FBI) was also notified.

Issa's property was boxed and taken to the Glencoe Police Department Evidence Room. The FBI eventually looked at the evidence and seized some of it. The remaining property was left at the Glencoe Police Department. On January 8, 2002, Issa was notified the property was ready for release and he had ten days to pick it up. At least three times, Issa came to the Glencoe Police Department to pick up the property. Each time, he complained a briefcase was not in with the boxed property and he would leave without anything. Twice, officers carried the boxes from the evidence room to the lobby for Issa to remove. The police repeatedly told Issa they did not have his briefcase and he should check with the FBI. On February 11, 2002, Officer Trocke told Issa he had until March 6, 2002 to pick up the property or the police would dispose of it. Issa again went to the police department with a vehicle

large enough to hold the boxes, but did not take them. After the deadline, police destroyed the property.

Issa and his wife (collectively Issa) brought this action against the City of Glencoe, Chief Olson, Officer Trocke alleging the police officers violated Issa's civil rights through an unlawful search and seizure of their rented townhome. Issa also brought civil rights and negligence claims against DMW and Kestrel. The district court[*] granted summary judgment in favor of the City and the officers based on official and qualified immunity. The district court granted summary judgment for DMW and Kestrel holding that the civil rights claims could not be maintained against private parties and that the negligence claims failed because DMW and Kestrel had no duty to protect Issa.

On appeal, Issa does not challenge the grant of summary judgment to the City, but contends police officers Trocke and Olson were not entitled to summary judgment on the issue of qualified immunity. To survive a motion for summary judgment based on qualified immunity, Issa had to assert a violation of a constitutional right, show the right was clearly established, and raise a genuine issue of material fact regarding whether the officer knew or should have known acts his acts violated that right. Radloff v. City of Oelwein, 380 F.3d 344, 347 (8th Cir. 2004).

A warrantless search violates the Fourth Amendment unless an exception to the warrant requirement applies. Katz v. United States, 389 U.S. 347, 357 (1967). One exception to the warrant requirement is consent to enter. United States v. Matlock, 415 U.S. 164, 171 (1974). Although a landlord generally lacks common authority to consent to a search of a tenant's premises, a tenant who abandons the property loses any reasonable expectation of privacy the tenant once had in the premises. United

---

[*]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

-3-

States v. Brazel, 102 F.3d 1120, 1148 (11th Cir. 1997). Even if a landlord's consent to enter a tenant's residence is not valid, there is no Fourth Amendment violation if an officer has an objectively reasonable, although mistaken, good-faith belief that the consent to search is valid. Illinois v. Rodriguez, 497 U.S. 177, 186 (1990). We agree with the district court that entering the townhome did not violate the Fourth Amendment because it was reasonable for the officers to conclude that Issa no longer occupied the premises and that the property manager's consent to enter the premises was valid. The landlord had told the officers Issa had moved out. The officer looked in the window, and the townhome appeared to be vacated.

As for Kestrel and DMW, Issa does not appeal the dismissal of the § 1983 claim, but asserts they were not entitled to summary judgment on the negligence claim. We disagree. The district court properly disregarded the affidavit of the plaintiff's "expert," which dealt with dismissed statutory law claims and assumed nonexistent legal duties. Further, we agree with the district court that because a landlord-tenant relationship does not create a duty to protect under Minnesota law, Issa failed to show a genuine issue of fact regarding whether DMW or Kestrel owed a duty to protect Issa from the police.

We thus affirm on the basis of the district court's memorandum and order. See 8th Cir. 47B.

_____