# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 97-3926MN, 97-3942MN

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the District of |
| | * | Minnesota. |
| Gregory Lee Grennell, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  May 15, 1998

Filed:  July 15, 1998

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and BOGUE,[1] District
Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

In this case, the United States appeals an order of the District Court suppressing
evidence the government planned to use in prosecuting Gregory Lee Grennell for
possession with intent to distribute cocaine base, a violation of Title 21 U.S.C.
§ 841(a)(1) and (b)(1)(B).  We reverse.

_____

[1]The Hon. Andrew W. Bogue, United States District Judge for the District of
South Dakota, sitting by designation.

## I.

During the early evening of July 9, 1997, Kelly Simondet, a police officer in St. Cloud, Minnesota, stopped a car driven by Grennell because Simondet believed the car's tires, which protruded beyond the car's fenders, violated Minnesota Statutes § 169.734 (1986). The statute reads as follows:

> Wheel devices on automobiles. Every passenger automobile shall have fenders, or other devices, that are designed to prevent, as far as practicable, water, dirt, or other material being thrown up and to the rear by the wheels of the vehicle.

Simondet asked Grennell for his driver's license, which Grennell was unable to produce, leading Simondet to arrest Grennell for driving without a license. The officer conducted a search of the car incident to the arrest and found what was later determined to be 25 grams of cocaine base in a backpack that was inside the car.

Following Grennell's indictment for possession with intent to distribute, he moved to suppress the evidence. A Magistrate Judge held an evidentiary hearing, and recommended that the District Court deny the motion to suppress. The Magistrate Judge thought the officer had probable cause to stop the car, based upon his reasonable belief that a traffic violation had occurred.

The District Court reviewed the evidence before the Magistrate Judge, and found that Officer Simondet "wavered" in his explanation for the stop and "failed to give specific and articulable facts to justify [it]." United States v. Grennell, No. 97-219, slip op. 2-3 (D. Minn. Oct. 20, 1997). The Court declined to accept the Magistrate Judge's recommendation and granted Grennell's motion to suppress. The Court subsequently denied the United States' motion for reconsideration and, shortly thereafter, dismissed the indictment.

## II.

The issue in this case, whether the officer had probable cause to stop Grennell's car, is a mixed question of fact and law, and our determination is made <u>de novo</u>. <u>United States v. Dixon</u>, 51 F.3d 1376, 1381 (8th Cir. 1995). We note, initially, that "any traffic violation, no matter how minor, provides a police officer with probable cause to stop the driver of the vehicle." <u>United States v. Pereira-Munoz</u>, 59 F.3d 788, 791 (8th Cir. 1995). In addition, an officer has probable cause to stop a vehicle if he or she "objectively has a reasonable basis for believing that the driver has breached a traffic law." <u>United States v. Thomas</u>, 93 F.3d 479, 485 (8th Cir. 1996).

Having reviewed the evidence, including photographs of Grennell's car and a transcript of the evidentiary hearing, we conclude there was probable cause for the stop. Officer Simondet had a reasonable basis for believing that Grennell's tires violated the Minnesota statute. First, it is undisputed that the tires on Grennell's car extended beyond the fenders. Second, Simondet testified that he had stopped cars on at least 10 to 12 previous occasions because their wheels exceeded the wheel wells. Third, he testified that he knew a guilty plea had been entered in one of the 10 to 12 previous instances.[2] Fourth, a reasonably prudent person would believe, we think, that the tires on Grennell's car, protruding as they were beyond the car's fenders, would kick up water, dirt, and other material, the very thing the statute was designed to prevent. It is therefore our view that Simondet had an objectively reasonable basis for believing that Grennell was violating the statute, and that probable cause existed for the stop.

---

[2]The person to whom Officer Simondet referred as having pleaded guilty to violating the same statute was, coincidentally, Derrick Grennell, the defendant's nephew and, the night he was arrested, his passenger.

Finally, although there is no allegation that the officer's reliance on the Minnesota statute was pretextual, we note the Supreme Court's decision in <u>Whren v. United States</u>, 517 U.S. 806 (1996) (in general, police officer's ulterior motives for making a stop are irrelevant so long as there is probable cause to believe a traffic violation has occurred).

The order granting the motion to suppress is reversed. On remand, the indictment should be reinstated, and the District Court should then proceed as the law and the facts require.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT