# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2916

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Robert Dean Hogancamp, | * | |
| | * | (UNPUBLISHED) |
| Appellant. | * | |

_____

Submitted: December 7, 1998
Filed: December 18, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Robert Dean Hogancamp appeals his conviction for a drug offense following his conditional guilty plea. For reversal, he argues that the district court[1] erred in denying his pretrial motion to suppress evidence. We affirm.

At the suppression hearing, conducted before a magistrate, South Dakota State Trooper Tom Melick testified that he received information, based on an anonymous

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

telephone call to the Sioux City, Iowa, police department that drugs had been seen in a black 1985 Pontiac Firebird, which was heading from Sioux City, Iowa to Watertown, South Dakota. Melick positioned his patrol vehicle along Interstate 29 and waited fifty minutes before he spotted the vehicle, knowing he did not have enough information to stop the vehicle unless the driver did something illegal. After noticing the Firebird had a cracked windshield, Melick moved out into traffic where he observed Hogancamp, the driver of the Firebird, cut off a car that had been trying to pass him, by moving out into the passing lane without first determining the lane was free and clear. The other vehicle had been gaining on the Firebird and almost ran into it, but the vehicle's driver "hit" the brakes to avoid a collision. Driving with a crack in a windshield that substantially impairs a driver's ability to see is in violation of South Dakota law, as is changing lanes without first ascertaining that it is safe to do so. See S.D. Codified Laws § 32-15-2.3 (Michie 1998); S.D. Codified Laws § 32-26-6 (Michie 1998).

After observing the lane change, Melick pulled over the Firebird. Melick realized after the Firebird was stopped that the crack in the windshield did not substantially impair Hogancamp's ability to see out the windshield. Hogancamp subsequently consented to a search of the Firebird that uncovered drugs and led to his arrest. Hogancamp testified at the hearing, inter alia, that he had had sufficient room to change lanes safely.

The magistrate recommended that the evidence be suppressed, suggesting Trooper Melick's credibility was undermined by his subjective motivation to stop the vehicle as evidenced by his comments and demeanor after the stop which were captured on videotape by a camera in Melick's vehicle. After de novo review, the district court rejected the magistrate's recommendation and denied Hogancamp's suppression motion, finding that both the cracked window and lane change provided probable cause to stop the vehicle, and that Melick's demeanor after the stop was appropriate.

On appeal, Hogancamp argues probable cause was lacking to justify the initial vehicle stop. We review for clear error the district court's findings of historical fact, giving due weight to inferences drawn by resident judges and local law enforcement officers from such historical facts, and review de novo whether there was probable cause. See United States v. Ball, 90 F.3d 260, 262 (8th Cir. 1996). An officer has probable cause to stop a vehicle when the driver of the vehicle commits a traffic violation, however minor, or the officer has an objectively reasonable basis for believing that the driver has done so. See United States v. Grennell, 148 F.3d 1051, 1052 (8th Cir. 1998). If an officer is legally authorized to stop a driver, the officer's "'underlying intent or motivation' does not invalidate the stop." See United States v. Bloomfield, 40 F.3d 910, 915 (8th Cir. 1994) (en banc) (quoted case omitted), cert. denied, 514 U.S. 1113 (1995).

We conclude the district court did not err in determining that there was an objectively reasonable basis for believing Hogancamp illegally changed lanes. The district court credited Melick's account of the lane change, and under the circumstances, doing so was not clear error. See United States v. Heath, 58 F.3d 1271, 1275 (8th Cir.) (district court's determination of credibility of witness is virtually unreviewable on appeal), cert. denied, 516 U.S. 892 (1995). We also reject Hogancamp's suggestion that special weight should be given to the magistrate's findings. See. 28 U.S.C. § 636(b)(1)(C) (1996) (district court judges are to make de novo determination of portions of magistrate's report that are objected to, and may accept, reject, or modify magistrate's findings and recommendations).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.