# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3486WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the Western District |
| v. | * | of Missouri. |
| | * | |
| Lord Kang, | * | [To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 3, 1999

Filed: December 22, 1999

_____

Before RICHARD S. ARNOLD, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Lord Kang appeals the sentence imposed by the District Court[1] upon remand for resentencing. We affirm.

In May 1997, defendant pleaded guilty, pursuant to a plea agreement, to one count of possessing cocaine base or crack with intent to distribute and one count of distributing cocaine base or crack, both in violation of 21 U.S.C. § 841(a)(1). In the

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

plea agreement, the government submitted that defendant was responsible for more than 50 grams of crack; but at sentencing, defendant admitted to possessing only 6.84 grams of crack. The District Court accepted the government's submission, and sentenced defendant to concurrent prison terms of seven years and three months. Defendant appealed, arguing that the District Court erred in calculating the quantity of drugs attributed to him, and that he should have been given a two-level safety-valve reduction. We reversed and remanded for resentencing. United States v. Kang, 143 F.3d 379 (8th Cir. 1998).

At resentencing, a government informant testified that over a period of several months, she had daily purchased about two grams of crack from defendant. Based on this testimony, the District Court resentenced defendant to concurrent prison terms of seven years and three months. The Court also denied the safety-valve reduction, finding defendant had not been truthful about his drug activity.

Defendant now argues that (1) the District Court violated the law-of-the-case doctrine by accepting the informant's testimony at resentencing, because it had ruled at sentencing that her testimony would not be considered; (2) the government was prohibited at resentencing from introducing the informant's testimony to prove drug quantity, because the government had waived her testimony at sentencing and instead had relied on its interpretation of the plea agreement's stipulations to prove drug quantity; and (3) the District Court erred in not granting safety-valve relief.

Defendant's first argument fails. Our remand order instructed the District Court to receive evidence to prove the drug quantity attributable to defendant, see Kang, 143 F.3d at 383, and the District Court's evidentiary rulings at sentencing were not binding at the de novo resentencing hearing, see United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992) (at resentencing, district court can hear any relevant evidence on remanded issue that it could have heard at first hearing).

Defendant's second argument also fails: the government properly introduced and the resentencing court properly relied on the informant's testimony. Furthermore, the drug-quantity finding was based on the District Court's assessment that the informant's testimony was credible to the extent it showed defendant was responsible for more than 50 grams of crack. See United States v. Behler, 187 F.3d 772, 777 (8th Cir. 1999) (district court's assessment of credibility is "virtually unreviewable"); United States v. Ayers, 138 F.3d 360, 363 (8th Cir.) (reviewing drug-quantity findings for clear error, and finding district court properly and reasonably estimated total drug quantities based on witnesses' testimony), cert. denied, 119 S. Ct. 219 (1998).

Finally, we conclude the District Court's safety-valve findings are not clearly erroneous, and defendant did not satisfy his burden of showing he had truthfully provided to the government all information regarding his drug crimes before resentencing. See United States v. Morones, 181 F.3d 888, 890 (8th Cir. 1999) (defendant bears burden of proving he is entitled to safety-valve relief by preponderance of evidence); United States v. Tournier, 171 F.3d 645, 647 (8th Cir. 1999) (standard of review); United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998) (finding defendant was not eligible for safety-valve reduction because he did not provide any information regarding relevant crime prior to sentencing).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.