# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1671

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Santiago Felix Avendano, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 7, 2000
Filed: February 16, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Santiago Felix Avendano appeals from the final judgment of the District Court[1] after he pleaded guilty to a one-count indictment charging him with possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) (1994). On appeal, Avendano challenges the denial of his motion to suppress and the Court's refusal to grant him safety valve relief.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

After carefully reviewing the suppression-hearing transcript, we conclude the District Court did not err in denying Avendano's motion to suppress, because the government's evidence supports the Court's findings that the officer had probable cause for initially stopping the car Avendano was driving after watching him tailgate other cars; that the officer's initial questions to Avendano were within the scope of a reasonable traffic stop; and that, once the officer returned Avendano's license and registration, he was free to go, and the ensuing conversation–during which the officer asked for and obtained permission to search the car–was consensual. See United States v. Grennell, 148 F.3d 1051, 1052 (8th Cir. 1998) (officer has probable cause for stopping vehicle when driver has committed traffic violation); United States v. Galvan-Muro, 141 F.3d 904, 906-07 (8th Cir. 1998) (after officer returns license and registration, reasonable person would feel free to leave, so any ensuing questioning is consensual); United States v. Ramos, 42 F.3d 1160, 1163 (8th Cir. 1994) (when officer lawfully stops vehicle, questions reasonably related to stop are also lawful), cert. denied, 514 U.S. 1134 (1995). In addition, the District Court did not clearly err in determining that, under the totality of the circumstances, Avendano's consent to search the car was voluntary. See United States v. Martinez, 168 F.3d 1043, 1046-47 (8th Cir. 1999).

Finally, we conclude the District Court did not err in refusing to grant Avendano safety valve relief based on Avendano's steadfast refusal to discuss his knowledge of the offense with the government and his contention that he did not know anything about the offense, a position which conflicted with his change-of-plea hearing statement that he knew he was illegally transporting narcotics. See 18 U.S.C. 3553(f)(5) (1994) and U.S. Sentencing Guidelines Manual § 5C1.2(5) (1998) (court shall impose sentence without regard to mandatory minimum if, inter alia, defendant truthfully provides all information and evidence defendant has concerning offense); United States v. Kang, 197 F.3d 927, 928 (8th Cir. 1999) (per curiam) (clearly erroneous standard of review; defendant must prove he is entitled to safety valve relief by preponderance of evidence).

-2-

Accordingly, we affirm the judgment of the District Court.

A true copy.

     Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.