# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2996

_____

United States of America,          *
          *
        Appellee,     *
          *   Appeal from the United States
      v.        *   District Court for the
          *   District of Nebraska.
William E. Dunlap,       *
          *
        Appellant.    *

_____

Submitted: March 14, 2006
Filed: June 23, 2006

_____

Before ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After grocery store employees detained William Dunlap for shoplifting, Omaha police searched his car and found a large quantity of pseudoephedrine tablets. Mr. Dunlap pleaded guilty to possession of pseudoephedrine with knowledge that it would be used to manufacture methamphetamine. *See* 21 U.S.C. § 841(c)(2). No quantity of pseudoephedrine was mentioned in the indictment.

At his initial sentencing hearing, Mr. Dunlap objected to the determination in the presentence investigation report (PSR) that he was responsible for 27.8 grams of pseudoephedrine. The district court nonetheless adopted that amount and sentenced

Mr. Dunlap to 70 months in prison. We reversed that sentence and remanded for "resentencing in light of *United States v. Booker*," 543 U.S. 220 (2005). On remand, the district court allowed the government to introduce evidence establishing the quantity of pseudoephedrine. The court then adopted the government's position on quantity and imposed the same 70-month sentence that it had previously imposed on Mr. Dunlap. He again appeals, arguing that the government should not have been allowed to introduce evidence regarding quantity on remand and that the sentence is unreasonable. We affirm.

I.

Mr. Dunlap entered his guilty plea shortly after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 303-05 (2004), which held that the sixth amendment requires the prosecution to prove to a jury beyond a reasonable doubt facts that increase a defendant's maximum sentence. The decision in *Blakely* raised questions about the constitutionality of the then-mandatory federal sentencing guidelines but declined to address them. *See id.* at 305 n.9.

In his written response to the PSR, Mr. Dunlap included a section titled "Blakely Objections to Offense Level Determinations," in which he challenged the quantity of pseudoephedrine (27.8 grams) attributed to him in the report; he stated that "[i]n his guilty plea proceedings, the Defendant has never made any admissions of quantity, and he does not now. The Defendant objects to all such factual allegations in the PSR." Mr. Dunlap argued that for sentencing purposes, his base offense level could not be increased beyond 12, the level representing the minimum quantity for which he could have been convicted. *See* U.S.S.G. § 2D1.11(a), (d)(14).

In response to Mr. Dunlap's objections to the PSR, the district court made "tentative findings" in which it rejected the defendant's objection to the quantity of pseudoephedrine and the offense level, stating simply that "the Court will deny the objection and apply the sentencing guidelines." The order containing these tentative

findings included a provision instructing the parties to file a responsive motion if they wished to challenge the findings. Mr. Dunlap did not file a motion before the sentencing hearing, but when it convened he repeated his initial objections to ensure that they were preserved. The district court again indicated that the defendant's objections were noted and overruled, and it proceeded to sentence Mr. Dunlap based on the quantity contained in the PSR.

While Mr. Dunlap's first appeal of his sentence was pending, the Supreme Court handed down its decision in *Booker*, 543 U.S. at 258-60, which held that the federal sentencing guidelines did not violate the sixth amendment so long as they were applied in an advisory manner. In response to *Booker*, Mr. Dunlap filed a motion for an immediate remand of his case for resentencing. We granted that motion in a one-sentence order.

At resentencing, the parties again addressed the issue of quantity. Mr. Dunlap maintained that because he objected to the quantity finding the first time around, the government should be precluded from offering new evidence on remand to support the quantity determination. The district court's response is reflected in the transcript from the second sentencing:

> THE COURT: As I mentioned earlier, my understanding of your objections on quantity, the first time around, was that you were preserving *Blakely* objections with respect to quantity. And again, I'm – I had interpreted the objection as one related to the issue of whether quantity needed to be decided by a jury or a judge, whether quantity needed to be in fact alleged in the indictment as an element of the offense, and what the standard of proof would be. That's how I understood your *Blakely* objections on the question of quantity and that's why I think we didn't get into the factual issues about quantity at the time of the initial sentencing. I am not going to preclude the government from addressing those matters today.

As the government prepared to call a witness to testify to the quantity of pseudoephedrine found on Mr. Dunlap, he stipulated to that witness's testimony, effectively agreeing that the government could prove the quantity outlined in the PSR. With that evidence, the court found that Mr. Dunlap was responsible for 27.8 grams of pseudoephedrine.

Mr. Dunlap's primary argument is that the government, having failed to introduce evidence of quantity at his first sentencing hearing, should not have been given a second bite at the apple on remand. On occasion we have remanded with instructions to resentence a defendant on the existing record because the government, in the first sentencing proceeding, violated clearly settled legal principles by relying on allegations in the PSR to prove disputed facts. *See United States v. Poor Bear*, 359 F.3d 1038, 1043-44 (8th Cir. 2004); *United States v. Hudson*, 129 F.3d 994, 995 (8th Cir. 1997) (per curiam). But where a court of appeals vacates a sentence or reverses a finding related to sentencing and remands the case for resentencing without placing any limitations on the district court, the court "can hear any relevant evidence on that issue that it could have heard at the first hearing." *United States v. Cornelius*, 968 F.2d 703,705 (8th Cir. 1992) (internal citations and parentheticals omitted); *see also United States v. Behler*, 100 F.3d 632, 635 (8th Cir. 1996), *cert. denied*, 522 U.S. 855 (1997); *United States v. Kang*, 197 F.3d 927, 928 (8th Cir. 1999) (per curiam); *United States v. Curtis*, 336 F.3d 666, 669 (8th Cir. 2003). Because nothing in our original remand order precluded the government from presenting its evidence at resentencing, we cannot say that the district court erred in allowing it to do so.

We also think that the circumstances at the first sentencing in this case explain the government's failure to present evidence at that time. *Cf. United State v. Sorrells*, 432 F.3d 836, 839 (8th Cir. 2005). Once the court made its tentative findings in advance of the sentencing hearing and the defendant did not file a motion in opposition to them, the government had no reason to believe that it would be required to put on evidence at the sentencing proceeding. Although we agree with Mr. Dunlap

-4-

that he preserved both legal and factual objections to the quantity determination, and that the district court (understandably) may have read his objections too narrowly when it made its tentative findings, we do not think that the government should pay the price. The record of the second sentencing hearing indicates that the government, when notified that the district court would accept evidence on the quantity issues, was prepared to put on that evidence until Mr. Dunlap stipulated that the government would be able to produce evidence relevant to quantity.

## II.

Mr. Dunlap also argues that his 70-month sentence was unreasonable. A sentence that falls within the advisory guideline range is presumptively reasonable. *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 840 (2005).

The district court sentenced Mr. Dunlap to 70 months' imprisonment, which was the low end of the advisory guidelines range. Mr. Dunlap contends that his sentence is unreasonable because his offense was not particularly serious, his criminal record was relatively minor and largely stemmed from his addiction, and he made significant efforts at rehabilitation. While Mr. Dunlap demonstrated significant progress in his rehabilitation, the record before the district court also revealed that he failed in several particulars to meet the conditions of his pretrial release. The government also raised the legitimate concern that a sentence outside the advisory guidelines could lead to unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). Given these facts, we are unable to say that Mr. Dunlap has overcome the presumption that the sentence was reasonable.

## III.

For the reasons stated, we affirm the judgment.

_____