**UNITED STATES of America, Appellee,**

v.

**Charles Boyd VANCE, Appellant.**

No. 94–3285.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1995.

Decided May 5, 1995.

Robert Richman, Minneapolis, MN, argued, for appellant.

Andrew Dunne, Minneapolis, MN, argued, for appellee.

Before BOWMAN, BEAM, and HANSEN, Circuit Judges.

BEAM, Circuit Judge.

Charles Boyd Vance was charged with two counts of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). He moved to suppress certain evidence, claiming that the evidence was the fruit of an unconstitutional warrantless entry of the home in

which he was staying. The district court[1] found that the warrantless entry was justified as a protective sweep. We affirm on other grounds, finding that, in view of the evolving circumstances, the warrantless entry was justified to protect the safety of the officers.

## I. BACKGROUND

On September 30, 1992, a combined group of FBI agents and local law enforcement officers prepared to arrest Vance. Agent Cunningham of the FBI told the other officers that there were four outstanding warrants for Vance's arrest on charges of drug violations, terroristic threats, false imprisonment, and being a felon in possession of a firearm, and an additional outstanding warrant for unlawful flight to avoid prosecution. Agent Cunningham also reported what he had learned from Wisconsin authorities: according to an informant, Vance was in the company of other felons, was armed, and had stated that he would not return to prison.[2]

After the briefing, the officers proceeded to the residence of Michael Scheid, where Vance was staying, and surrounded the house. Agent Cunningham placed a call to the house and advised Vance to surrender. Vance emerged from the back door of the house and was arrested without incident. During the arrest, another man, later determined to be Scheid, appeared at the open back door wearing only his underwear.

Officer Birrenbach approached Scheid and asked for identification. Scheid replied that his identification was inside. As Scheid moved inside, Officer Birrenbach stated that he was "coming in" as well. Agent Gilkerson entered the house with Officer Birrenbach and conducted a protective sweep. Meanwhile, Scheid led Officer Birrenbach into the kitchen area, where some marijuana was lying in plain view. This was later determined to be a felony amount of marijuana, which

formed the basis for both Scheid's arrest and a search warrant.

In the kitchen area, Officer Birrenbach told Scheid that he wanted Vance's guns. Scheid directed Officer Birrenbach to Vance's suitcase, which had been hidden under Scheid's bed. In the suitcase, Officer Birrenbach discovered two loaded revolvers. After unloading the revolvers, he returned the weapons to the suitcase and replaced the suitcase under the bed. No further searches occurred until a search warrant had been issued.

Vance was indicted for being a felon in possession of a firearm. He moved to suppress the firearms, challenging both the warrantless entry of the residence and the warrantless search of the suitcase. The district court denied the motion, finding that the warrantless entry was a permissible protective sweep under *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), and that the guns in the suitcase would have been inevitably discovered, *see Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), when the house was searched pursuant to the search warrant. Vance appeals, arguing that the district court erred in concluding that the warrantless entry was permissible.[3]

## II. DISCUSSION

Vance argues that the protective \sweep executed by Agent Gilkerson did not fall within *Buie*. Rather than decide this issue, we exercise our option to affirm the judgment of the district court on any ground supported by the record. *See Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir.1995). In doing so, our focus shifts from Agent Gilkerson to Officer Birrenbach and Scheid.

"[T]he Fourth Amendment has drawn a firm line at the entrance to the house." *Payton v. New York*, 445 U.S. 573,

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of The Honorable J. Earl Cudd, United States Magistrate Judge.

2. Agent Cunningham did not know the identity of the Wisconsin authorities, the source of their information, or whether that source was reliable.

3. At oral argument, counsel for Vance stated that he was not challenging the district court's finding of inevitable discovery.

590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639 (1980). Law enforcement officials may not cross that line without a search warrant or exigent circumstances. *See id.* Exigent circumstances exist, however, when law enforcement officials have a "legitimate concern for the safety" of themselves or others. *United States v. Antwine,* 873 F.2d 1144, 1147 (8th Cir.1989). Thus, "[w]hen there is a reasonable fear of harm, a warrantless entry may be justified." *United States v. Williams,* 633 F.2d 742, 744 (8th Cir.1980). *Accord United States v. McConnell,* 903 F.2d 566, 570 (8th Cir.1990), *cert. denied,* 499 U.S. 938, 111 S.Ct. 1393, 113 L.Ed.2d 449 (1991); *Antwine,* 873 F.2d at 1147; *United States v. Hill,* 730 F.2d 1163, 1170 (8th Cir.), *cert. denied sub nom. Frazier v. United States,* 469 U.S. 884, 105 S.Ct. 255, 83 L.Ed.2d 192 (1984).

The record supports the conclusion that Officer Birrenbach's warrantless entry is justifiable on safety grounds. Officer Birrenbach testified that he entered the house because he was concerned for officer safety.[4] We agree with the district court that "the officers' stated fears for their safety were reasonable." *United States v. Vance,* Crim. No. 3-93-133, Mag. Report & Recommendation at 5 (D.Minn. Mar. 14, 1994). The officers had been informed that there were other individuals and weapons in the house. Based on this information, Officer Birrenbach could have reasonably feared that Scheid was entering the house to obtain a weapon. In addition, Officer Birrenbach could have reasonably feared that because the house had not yet been secured, other armed individuals might be in a position to harm the officers who would be waiting for Scheid to return with his identification.

■ Thus, Officer Birrenbach constitutionally entered Scheid's home. Once inside, the officer saw marijuana in plain view. The marijuana formed the basis for a search warrant which, in turn, would have resulted in the discovery of Vance's guns even if law enforcement officials had not already been alerted to their existence.

## III. CONCLUSION

The warrantless entry of Scheid's home was based on legitimate concerns for officer safety. The district court properly found that no Fourth Amendment violation occurred. The decision of the district court denying the motion to suppress is hereby affirmed.

---

4. Vance argues, in the context of protective sweeps, that the officers could have eliminated all of their safety concerns simply by leaving the area. The implication behind this argument is that the officers should have departed without talking to Scheid because talking to Scheid increased the danger to the officers. Vance's argument is without merit. Law enforcement officers are not required to avoid danger. More specifically, Officer Birrenbach was not required to ignore Scheid's presence simply because Vance had already been arrested. We express no opinion, however, as to whether a warrantless entry would have been justified without Scheid's appearance.