# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1758

_____

United States of America,     *
    *
      Plaintiff-Appellee,     *
    *    Appeal from the United States
    v.     *    District Court for the
    *    Western District of Missouri.
Duane D. Hill,     *
    *
      Defendant-Appellant.     *

_____

Submitted: October 13, 2005
Filed: December 8, 2005

_____

Before LOKEN, Chief Judge, LAY, and BENTON, Circuit Judges.

_____

LAY, Circuit Judge.

Duane D. Hill entered a conditional plea of guilty to unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), after the district court[1] denied his motion to suppress firearms seized from his home. Hill appeals the denial of his motion to dismiss. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable John T. Maughmer, Chief United States Magistrate Judge for the Western District of Missouri.

I.

On the morning of March 19, 2004, a task force of Kansas City Police Department officers and FBI agents conducted surveillance on the home of Duane D. Hill in order to execute an arrest warrant for Hill on charges of aggravated robbery. At approximately 7:00 a.m., the officers observed Hill exit his residence and place trash on the curb. The officers then arrested Hill as he was opening the door to the screened-in porch of his home.

While other officers arrested Hill, Detective Jeffrey Wishard of the Kansas City, Missouri Police Department observed a woman, later identified as Hill's wife, and another man standing in the entryway of the residence. Detective Wishard watched the man look outside the house at the law enforcement officers and then run back into Hill's residence. Detective Wishard pulled open the door to the entryway where Hill's wife was standing and asked her who else was in the house. She replied that no one else was there, which Detective Wishard knew to be untrue. Detective Wishard drew his gun and quickly entered the house. He found the unidentified man flushing the toilet in the bathroom. Detective Wishard removed the man from the bathroom and placed him in the hallway.

From his position in the hallway, Detective Wishard could see a shotgun leaning against a wall at the bottom of a stairway. Other officers entered to conduct a protective sweep to make sure no one else was in the home. Detective Wishard located a handgun in plain view on the nightstand in the same downstairs room as the shotgun. Other officers found an AK-47 assault rifle with 30 rounds of ammunition leaning against a closet wall in plain view in the upstairs bedroom.

After being indicted by a grand jury for being a felon in possession of a firearm, Hill filed a motion to suppress, arguing that the evidence against him was obtained in violation of his Fourth Amendment right to be free from unreasonable searches of his

home.  The magistrate judge conducted an evidentiary hearing and issued a report and recommendation holding that the search of Hill's home was justified by exigent circumstances.  The district court adopted this report and recommendation and Hill entered a conditional guilty plea reserving the right to appeal the denial of the motion to suppress.  Hill now appeals, arguing that his house was entered, and the firearms seized, in violation of his Fourth Amendment rights.  We hold that the entry into Hill's home was justified by exigent circumstances, and therefore affirm.

II.

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  As explained by the Supreme Court, "the Fourth Amendment has drawn a firm line at the entrance to the house.  Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant."  *Payton v. New York*, 445 U.S. 573, 590 (1980).  However, a "legitimate concern for the safety" of law enforcement officers or other individuals constitutes exigent circumstances that justify warrantless entry.  *United States v. Vance*, 53 F.3d 220, 222 (8th Cir. 1995); *United States v. Antwine*, 873 F.2d 1144, 1147 (8th Cir. 1989).  "When there is a reasonable fear of harm, a warrantless entry may be justified."  *United States v. Williams*, 633 F.2d 742, 744 (8th Cir. 1980).

We believe that Detective Wishard had a legitimate and reasonable concern for the safety of Hill and the officers present, and therefore exigent circumstances justified the entry of Hill's home. Detective Wishard testified that he would not have entered the house had he not seen the unidentified man running back inside the residence.  He further testified that, in light of the aggravated robbery charges, he assumed there may have been weapons in the residence and was concerned that the unidentified man could have been going for a weapon.  Detective Wishard testified

that the sole reason for entering the residence was to ensure officer safety and the safety of Mr. Hill.

When evaluating the reasonableness of Detective Wishard's concerns, we agree with the district court that *United States v. Vance*, *supra*, is instructive. In *Vance*, a combined group of local law enforcement officers and FBI agents arrested the defendant on four outstanding warrants. During the defendant's arrest outside the back door of the residence, another man appeared at the open door wearing only his underwear. When an officer asked the man for identification, the man replied that it was inside and then began to retreat into the residence. The officer stated that he was coming in as well. Once inside, the officer asked the unidentified man for the defendant's guns and the man directed the officer to their location.

The defendant was indicted as a felon in possession of a firearm and challenged the warrantless entry of his residence. The court found that the warrantless entry was justified on safety grounds. *Vance*, 53 F.3d at 222. The officer's safety concerns were reasonable because he had been briefed beforehand that there were other individuals and weapons in the house, and he could have reasonably feared that the unidentified man was entering the house to obtain a weapon. *Id.*

Hill argues that *Vance* is distinguishable due to the pre-arrest briefing that informed officers of the exigency in that case. We find this argument to be unpersuasive. The unexpected nature of the exigency in this case does not make the safety concerns any less compelling. Unexpected and dangerous events that arise during an arrest can create exigent circumstances that justify law enforcement officers entering a residence in order to protect themselves from any additional and unknown threats. *See United States v. Kuenstler*, 325 F.3d 1015, 1021 (8th Cir. 2003) (holding that officers' concerns for their safety justified the warrantless entry of a residence after a man resisted arrest outside the residence, a woman ran down the driveway

screaming at officers, another woman stood in the doorway of the residence, and the officers knew there might be a drug lab in the residence).

While the law enforcement officers in *Vance* had advance notice that the defendant's arrest could be dangerous, the unknown man was compliant and spoke with the police. In this case, the unidentified man was not under an officer's control and ran back into the house after seeing the police. Moreover, when questioned by Detective Wishard, Mr. Hill's wife denied the unidentified man's presence. These facts, in addition to the violent crime for which Hill was being arrested and the likely presence of weapons, all contributed to Detective Wishard's reasonable concerns for the safety of Hill and the officers present.

Therefore, we hold that Detective Wishard's warrantless entry into Hill's home was justified due to exigent circumstances. Once inside, the officers could lawfully seize the firearms located in plain view inside the residence. *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971).

### III.

For the foregoing reasons, we affirm the decision of the district court.

_____