# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1484

_____

Wilson Smith,                                      *
                                                   *
        Plaintiff-Appellee,                        *
                                                   *
    v.                                             *
                                                   *
Kansas City, Missouri Police                       *
Department,                                        *
                                                   *
        Defendant,                                 *
                                                   *
Officer Troy Taff; Officer Manuel                  *
Anchondo; Officer Lee Malek,                       *   Appeal from the United States
                                                   *   District Court for the
        Defendants-Appellants,                     *   Western District of Missouri.
                                                   *
Karl Zobrist, Board President, Board of            *
Police Commissioners; Terry Brady,                 *
Board Vice President, Board of Police              *
Commissioners; Mark Thompson,                      *
Board Treasurer, Board of Police                   *
Commissioners; Mark Funkhouser,                    *
Mayor, Board of Police                             *
Commissioners; James Wilson, Board                 *
of Police Commissioners,                           *
                                                   *
        Defendants.                                *

_____

Submitted: September 24, 2009
Filed:  November 9, 2009

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

Wilson J. Smith sued three officers and the Board of Police Commissioners under 42 U.S.C. § 1983 and state law. The district court[1] granted summary judgment to the Board, but denied qualified immunity to the officers on Smith's claims of unlawful entry and excessive force. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

At about 1:00 a.m. on December 12, 2006, officers Troy Taff, Manuel Anchondo, and Lee Malek responded to an emergency call. A woman told them she had been assaulted by her boyfriend, Terry C. Smith, Sr. She appeared to have been in a physical altercation, her clothing in disarray, with scrapes, bumps, and bruises on her body.

The woman told the officers that her boyfriend was at either the nearby home of his brother, plaintiff Wilson Smith, or another relative's house. The officers went to plaintiff's home. Taff and Anchondo stood in the driveway while Malek walked to the rear of the home. Returning to the front, Malek told the other officers that there was a "hostile situation."

Taff and Anchondo approached the front door. Taff knocked on it. Plaintiff answered wearing a bathrobe. Taff asked him if he was "Mr. Smith," and to step outside. Plaintiff replied he was Wilson, not Terry, Smith.

_____

[1] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

-2-

The parties dispute the following facts, which are stated here favorably to plaintiff. After plaintiff opened the door, Taff grabbed his forearm, pulling him outside. Taff then forced plaintiff against the railing on the porch, struggling to handcuff him. Anchondo helped detain plaintiff. All three fell to a concrete walkway, causing injury to plaintiff's knees. Taff and Anchondo then shoved plaintiff's face into the concrete and placed their knees on his back as they handcuffed him.

During the struggle, Malek guarded the front door. After seeing a 12-year-old boy walk toward the door, Malek entered the home, finding Terry Smith in a bedroom.

Plaintiff sued Malek for warrantless entry and Taff and Anchondo for excessive force. The district court denied qualified immunity. The officers appeal.

## II.

Plaintiff argues that this court lacks jurisdiction over the appeal. This court has jurisdiction of an interlocutory appeal reviewing legal determinations by a district court that denies qualified immunity. *Sherbrooke v. City of Pelican Rapids*, 513 F.3d 809, 813 (8th Cir. 2008). Whether qualified immunity is appropriate from a particular set of facts is a legal determination. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995) ("the appealable issue is a purely legal one, whether the facts alleged . . . support a claim of violation of clearly established law").

Plaintiff correctly notes that this court lacks jurisdiction to consider factual disputes. *See Brown v. Fortner*, 518 F.3d 552, 557 (8th Cir. 2008). However, in this case, this court views the facts favorably to plaintiff and does not consider disputed facts. *See Pace v. City of Des Moines*, 201 F.3d 1050, 1053 (8th Cir. 2000) (dismissing for lack of jurisdiction an argument based on a factual dispute, but considering appellant's other purely legal contentions). Here, the district court's

determinations on qualified immunity are legal determinations within this court's jurisdiction. *See id.* at 1052-53.

### III.

"In a § 1983 action, state actors may be entitled to qualified immunity." ***McRaven v. Sanders***, 577 F.3d 974, 980 (8th Cir. 2009), *quoting* ***Riehm v. Engelking***, 538 F.3d 952, 962 (8th Cir. 2008). Qualified immunity shields government actors from suit unless their conduct violates clearly established constitutional or statutory rights that a reasonable person would have known. ***Henderson v. Munn***, 439 F.3d 497, 501 (8th Cir. 2006), *citing* ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982). "To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." ***Howard v. Kansas City Police Dep't.***, 570 F.3d 984, 988 (8th Cir. 2009). This court may first address either prong. ***Id.***, *citing* ***Pearson v. Callahan***, 129 S.Ct. 808, 818 (2009). This court reviews de novo a district court's denial of qualified immunity. ***McRaven***, 577 F.3d at 980.

### A. Warrantless Entry

Malek argues that exigent circumstances justified his warrantless entry. "Generally, the Fourth Amendment requires the police to obtain a warrant before entering a home." ***United States v. Spotted Elk***, 548 F.3d 641, 651 (8th Cir. 2008), *citing* ***Payton v. New York***, 445 U.S. 573, 590 (1980). Without a warrant, the police may enter a home in response to exigent circumstances. ***Id.*** Exigent circumstances include threats to an individual's life, a suspect's imminent escape, the imminent destruction of evidence, or situations where "there is a compelling need for official action and there is no time to secure a warrant." ***Radloff v. City of Oelwein***, 380 F.3d 344, 348 (8th Cir. 2004).

Malek contends that the fact that a domestic violence suspect was inside the home – with a child – was an exigent circumstance. The presence of a domestic violence suspect, however, does not alone justify Malek's warrantless entry. *See Singer v. Court of Common Pleas, Bucks County*, 879 F.2d 1203, 1206-07 (3d Cir. 1989) (noting that concerns of danger to police or others did not justify warrantless entry into the home of a domestic violence suspect as the victims were no longer present and were in no danger). Malek asserts no facts indicating that the suspect was a threat to the child or others. *See Radloff*, 380 F.3d at 348 (ongoing violations constitute exigent circumstances permitting a warrantless entry into a home); *United States v. Roark*, 36 F.3d 14, 17 (6th Cir. 1994) ("unsubstantiated suspicions" do not support a finding of exigent circumstances).

This situation differs from the case Malek relies on, *United States v. Hill*, 430 F.3d 939 (8th Cir. 2005). There, an officer entered a suspect's home without a warrant after seeing an unidentified man run inside the home during the arrest of the suspect. *Id.* at 940. In light of the suspect's aggravated robbery offenses, the officer believed the unidentified man could obtain a weapon inside the home. This court held that concerns for officer safety justified a warrantless entry. *Id.* at 941. Here, by contrast, the officers saw no other adult acting suspiciously inside the home and had no reason to believe weapons were there.

Malek also claims that his entry was reasonable because he was conducting a protective sweep for safety purposes. A protective sweep is permitted when an officer enters a home on the reasonable belief that someone dangerous is inside the home. *Spotted Elk*, 548 F.3d at 651. On the facts here, Malek's belief that an unarmed domestic violence suspect was inside the home does not itself justify a protective sweep. *See United States v. Tisdale*, 921 F.2d 1095, 1097 (10th Cir. 1990) (the danger justifying a protective sweep comes from the possible presence of armed and

dangerous persons in the vicinity). The district court properly held that Malek did not demonstrate exigent circumstances to justify his warrantless entry.

Malek argues that even if he unlawfully entered plaintiff's home, the right against warrantless entry was not clearly established. To be clearly established, a right must be sufficiently clear such that a reasonable officer would understand that what he is doing violates that right. *Lindsey v. City of Orrick*, 491 F.3d 892, 902 (8th Cir. 2007). In cases dealing with exigent circumstances, this court asks whether the officer "could have 'reasonably but mistakenly' concluded that exigent circumstances were present based upon the information [the officer] possessed at the time." *Rogers v. Carter*, 133 F.3d 1114, 1119 (8th Cir. 1998) (alteration added).

At the time of the incident, a reasonable officer understood that it was unlawful to enter a home without a warrant, absent consent or exigent circumstances. *See United States v. Powell*, 379 F.3d 520, 523 (8th Cir. 2004); *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998); *cf. United States v. Antwine*, 873 F.2d 1144, 1147 (8th Cir. 1989) (upholding a search where authorities entered a home to remove a previously exhibited weapon to avoid leaving children alone with it). The district court properly denied qualified immunity to Malek.

B. Excessive Force

The district court denied Taff and Anchondo qualified immunity on plaintiff's claim of excessive force. Excessive force claims arise under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The use of force is not excessive if it was objectively reasonable in light of the facts and circumstances confronting the officer. *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003). In determining reasonableness, a court considers the totality of the circumstances and "the severity of the crime at issue, the immediate threat the suspect poses to the safety of the officer or others, and whether the suspect is actively resisting or attempting to

evade arrest by flight." *Id.*, *quoting **Foster v. Metro Airports Comm'n***, 914 F.2d 1076, 1082 (8th Cir. 1990). This court may also consider the result of the force. *See **Littrell v. Franklin***, 388 F.3d 578, 583 (8th Cir. 2004). An officer may be held liable only for his or her own use of excessive force. ***Hayek v. City of St. Paul***, 488 F.3d 1049, 1055 (8th Cir. 2007).

1. Officer Taff

Taff argues that he did not use excessive force because he acted reasonably. Based on the facts asserted by plaintiff, this court disagrees. Plaintiff never resisted Taff's commands and had no opportunity to comply with his request to step outside before being forcibly removed and eventually injured. On all the facts here – including the lack of exigent circumstances, "the lack of an immediate safety threat, and the lack of active resistance to arrest" – a jury could find that Taff's use of force was not objectively reasonable. ***Littrell***, 388 F.3d at 586, *citing **Kukla v. Hulm***, 310 F.3d 1046, 1050 (8th Cir. 2002).

Taff also contends that he acted reasonably because he followed standard police procedures. *See **McCoy v. City of Monticello***, 342 F.3d 842, 849 (8th Cir. 2003). To the contrary, following standard procedure does not necessarily make an officer's acts reasonable. *See **Cole v. Boone***, 993 F.2d 1328, 1334 (8th Cir. 1993) ("under section 1983 the issue is whether the government official violated the Constitution or federal law, not whether he violated the policies of a state agency"). Moreover, a jury could conclude that under the facts asserted, Taff acted unreasonably by forcibly removing Plaintiff from his home and injuring him. *See **Patzner v. Burkett***, 779 F.2d 1363, 1371 (8th Cir. 1985) (stating that the extent of injury is relevant in determining the reasonableness of force).

At the time of the encounter, the right to be free from excessive force in the context of an arrest was clearly established under the Fourth Amendment. *See **Guite***,

147 F.3d at 750. The district court correctly concluded that Taff was not entitled to qualified immunity.

## 2. Officer Anchondo

Viewing the facts favorably to plaintiff, Anchondo was present for the entire encounter, and saw that plaintiff – wearing only a bathrobe – posed no threat to the safety of the officers or others and did not attempt to resist arrest. *Cf. **Lyons v. City of Xenia***, 417 F.3d 565, 577-78 (6th Cir. 2005) (granting qualified immunity to an officer who entered a home and tackled a suspect after receiving a distress call from a fellow officer struggling with a suspect inside the home); ***Smith v. Ball State Univ.***, 295 F.3d 763, 770-71 (7th Cir. 2002) (an officer's use of force was reasonable where he arrived late to the scene of an apparent crime, witnessed two officers struggling with a resisting suspect, and tackled the suspect). As the district court concluded, a genuine issue of fact exists as to whether Anchondo used excessive force in struggling with and detaining plaintiff.

This court next considers whether Anchondo had fair notice that his conduct violated a clearly established right. ***Brousseau v. Haugen***, 543 U.S. 194, 198 (2004). At the time Anchondo acted, it was clear to a reasonable officer that knocking a *non-resisting* suspect to the ground after he had been forcibly removed from his home without cause violated his clearly established Fourth Amendment rights. *See **Samuelson v. City of New Ulm***, 455 F.3d 871, 877 (8th Cir. 2006) (denying qualified immunity where officers violently removed a homeowner from his property even though he was not resisting arrest); ***Thompson v. Zimmerman***, 350 F.3d 734, 735 (8th Cir. 2003) (declining qualified immunity to prison guards where inmate alleged he did not resist arrest when the guards entered his cell and attacked him); ***Lambert v. City of Dumas***, 187 F.3d 931, 933-34 (8th Cir. 1999) (rejecting qualified immunity where officers shoved and kicked a non-resisting suspect). The district court properly held that Anchondo was not entitled to qualified immunity.

## IV.

The district court's order denying qualified immunity is affirmed.

_____