KELLY, Circuit Judge,
concurring in part and dissenting in part.
Because I believe there is a genuine issue of material fact as to whether the officers used excessive force against Hosea, I respectfully dissent from Part II.B of the court’s opinion. Viewing the facts in the light most favorable to Hosea and “giving him the benefit of all reasonable inferences,” Atkinson, 709 F.3d at 1210, each Graham factor weighs in his favor.
First, although Hosea testified in his deposition that he and Steines were arguing and that Steines was crying when the officers entered, there was no indication that Hosea had committed any physical violence against Steines. See id. (concluding the first Graham factor weighed in favor of the plaintiff because he “had not committed any ‘severe or violent crime.’ ” (quoting Brown, 574 F.3d at 496)). Second, no reasonable officer could have concluded that Hosea “pose[d] an immediate threat to the safety of the officers or others.” Graham, 490 U.S. at 396, 109 S.Ct. 1865. The officers tackled Hosea after he had begun to lower himself to the floor, three feet away from where Steines sat. Even if it was hypothetically possible for Hosea to stand back up and attack Steines, a reasonable officer would not have believed this mere possibility represented a realistic, immediate threat to Steines’ safety. Finally, no reasonable officer would have concluded Hosea was “actively resisting arrest.” Id Hosea testified he had already put his left knee and right hand on the floor when the officers tackled him. The court concludes that because Hosea was not yet completely on the floor, the officers could have believed he was passively resisting arrest. I disagree that a reasonable officer would think Hosea’s seconds-long delay in fully reaching the floor—after informing the officers of his leg injury— constituted any form of resistance.
“It is the province of the jury to assess the credibility of the evidence, and if the jury accepts [Hosea’s] account, it could fairly conclude that” the officers used ex *960 cessive-force against him. Brown, 574 F.3d at 500; see also Smith v. Kan. City Police Dep’t, 586 F.3d 576, 582 (8th Cir. 2009) (“At the time of the [2006] encounter, the right to be free from excessive force in the context of an arrest was clearly established under the Fourth Amendment,”). Accordingly, I would reverse and remand Hosea’s excessive-force claim to the district court for trial.